**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

JOHN DOE,

      **Plaintiff,**

                          **CASE NO. 4:17-cv-00516-MW-CAS**

**FLORIDA STATE UNIVERSITY**
**BOARD OF TRUSTEES; FRANK**
**DENENBERG, an individual; and**
**CODY HARTLEY, an individual,**

      **Defendants.**

_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**
**COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure,

Defendants FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES ("FSU");

FRANK DENENBERG, an individual; and CODY HARTLEY, an individual

(hereafter Defendants) hereby move this Court to dismiss Plaintiff's First Amended

Complaint.  In support thereof, Defendants state as follows.

1.     Plaintiff's original complaint in this matter was filed on October 20,

2017, and Defendants promptly removed the matter to this Court on November 13,

2017.  [Doc. 1].

2.     On November 20, 2017, Defendants moved to dismiss Plaintiff's

Complaint [Doc. 4] on two grounds:  Defendants moved to dismiss Count II of

Plaintiff's Complaint as barred by the Eleventh Amendment; and Defendants moved to dismiss the entirety of Plaintiff's Complaint because it was a "shotgun" pleading in violation of Rule 8 of the Federal Rules of Civil Procedure.

3.      On December 3, 2017, Plaintiff filed his First Amended Complaint, dropping Count II against Defendant FSU.  [Doc. 5].  On December 4, 2017, this Court entered an order denying Defendants' Motion to Dismiss as moot [Doc. 6], but specifically noted that "Plaintiff may not have necessarily cured the deficiencies identified by Defendants in their motion to dismiss."  [Doc. 6, n. 1].

4.      Despite properly dropping Count II against FSU, Plaintiff's First Amended Complaint fails to properly cure the violation of Rule 8, Fed.R.Civ.P.

5.      Yet again, the First Amended Complaint contains 6 paragraphs of introductory and jurisdictional statements, and 120 paragraphs comprising Plaintiff's "Factual Allegations."  These 126 paragraphs of introductory material and "Factual Allegations" are summarily referenced and incorporated at the beginning of each of Plaintiff's 8 remaining counts regardless of whether they bear any resemblance to the particular claim or to the particular named Defendant.  As such, the First Amended Complaint is vague and ambiguous, and Defendants are still unable to determine exactly what facts and allegations Plaintiff relies upon in support of each claim.  This "shotgun" pleading fails Rule 8's requirement of a "short and

plain statement of the claim showing that the pleader is entitled to relief." Fed.R.

Civ.P. 8.

WHEREFORE, Defendants respectfully ask this Court to dismiss Plaintiff's

Complaint, or alternatively order Plaintiff to file a more definite statement, and for

the Court to award any other and further relief as it deems just and proper.

## MEMORANDUM OF LAW

### I.    Standard on a Motion to Dismiss.

In deciding a motion to dismiss, the Court assumes that all allegations in the

Complaint are true and construes all facts in favor of the plaintiff. *Scott v. Taylor,*

405 F.3d 1251, 1253 (11th Cir. 2005). Nonetheless, a complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" Ashcroft v.Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atlantic v.

Twombly, 550 U.S. 544, 570 (2007)). The Court must disregard"[l]egal

conclusion[s] couched as [ ] factual allegation[s]" and "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." Iqbal, 556

U.S. at 678. The Court must then consider the remaining factual allegations to

determine if they "plausibly" suggest an entitlement to relief.  Id. at 679.

### II.    Standard on a Motion for More Definite Statement.

"[W]hen a complaint is challenged under Rule 12(e), the Court may require

the claimant to file a more definite statement if the pleading is so vague or ambiguous

that a party cannot reasonably be required to frame a responsive pleading.'" Fed. R. Civ. P. 12(e).  Stevenson v. Crrc, Inc., 2016 WL 1090088, at*1 (M.D. Fla. Mar.21, 2016).

### III.    Plaintiffs' shotgun pleading is improper.

Shotgun pleadings not only confound a defendant's efforts to fashion a responsive pleading but also impermissibly force the court to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Streeter v. City of Pensacola, 2007 WL 809786, at *1 (N.D. Fla. Mar. 15, 2007).

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010).   Where the allegations of a complaint are "vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming," the court should order a repleader. Byrne v. Nezhat, 261 F.3d 1075, 1128–31 (11th Cir. 2001) (stressing the district court's responsibility to halt the use of "shotgun" pleadings).

"'Shotgun' complaints are not sufficient pleadings." Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007) (noting that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the

4

counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions"). In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," and a party faced with such a complaint is not expected to draft a responsive pleading." Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

"The Eleventh Circuit has railed against pleadings of this kind time and again." McLeod v. Williams, 4:15-cv-77-RH/CAS, doc. 88 (citing Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1125-26 (11th Cir. 2014) (decrying shotgun pleadings and collecting earlier cases doing the same)). *See also* Mendez-Arriola v. White Wilson Med. Ctr. PA, 2010 WL 338005, at *1 (N.D. Fla. Jan. 21, 2010) ("each of the eighteen counts of [the] complaint incorporates one hundred and six paragraphs of general allegations, many of which are plainly immaterial to that specific count").

It is important for a court to "narrow and define the issues from the earliest stages of the litigation." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). For the sake of all parties to the litigation as well as the Court, Plaintiff's Complaint should be dismissed and Plaintiff made to replead his claims in a short and plain statement as required by Rule 8. This will allow Defendants to understand the specific factual allegations purportedly supporting particular claims against them.

Dated this 11th day of December 2017.

<div style="margin-left: 40%;">

HENRY BUCHANAN, P.A.

*s/ Miriam R. Coles*
J. STEVEN CARTER
Florida Bar No. 896152
scarter@henryblaw.com
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
JOSEPH V. GARDNER
Florida Bar No. 111987
jgardner@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
(850) 222-2920: Telephone
(850) 224-0034: Facsimile
*Counsel for Defendants:  FLORIDA  STATE UNIVERSITY BOARD  OF TRUSTEES, FRANK DENENBERG and CODY HARTLEY*

</div>

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rules 5.1 and 7.1, undersigned counsel certifies that the forgoing consists of 1037 words and is typed in Times New Roman, font size 14.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of has been furnished via CM/ECF, which will automatically send e-mail documentation of such filing to all attorneys of record on this 11th day of December 2017.

<div style="margin-left: 40%;">

*s/ Miriam R. Coles*
ATTORNEY

</div>

6