IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN DOE,

    Plaintiff,

v.

FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES; FRANK DENENBERG, an individual; and CODY HARTLEY, an individual,

    Defendants.

Case No.: 4:17-cv-516-MW-CAS

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR DISQUALIFICATION OF PLAINTIFF'S COUNSEL; NOTICE OF SUBSTITUTION OF COUNSEL; AND CONSENT MOTION TO AMEND SCHEDULING ORDER

Plaintiff, JOHN DOE, by and through undersigned counsel, and pursuant to this Court's Order Requiring Expedited Response [Doc. 21], hereby responds to Defendants' Motion for Disqualification of Plaintiff's Counsel ("Defendants' Motion") [Doc. 20], gives Notice of Substitution of Counsel, and moves this Court to amend the Scheduling and Mediation Order ("Scheduling Order") [Doc. 13] and states:

### RESPONSE TO DEFENDANTS' MOTION

1. The undersigned, as the Plaintiff's criminal defense attorney during the criminal investigation and then advisor during FSU's administrative investigation, is

a witness to some of the facts that form the basis of the Plaintiff's claims and could testify to those known facts if called as a witness at trial. At this time, no contested factual issues to which the undersigned is a witness have been identified. Therefore, an exception to the general prohibition that would prevent the undersigned from acting as Plaintiff's counsel at trial in this matter presently exists. See Rule 4-3.7(a)(1), Florida Rules of Professional Conduct ("A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested issue…").

2. However, given the issues raised in Defendants' Motion and the potential for relevant contested issues to come up as discovery progresses, the undersigned's testimony potentially could relate to a contested issue, in which case the undersigned could likely be a necessary witness for the Plaintiff. If this happens, then the undersigned would be obligated to withdraw.

3. Currently, the Plaintiff believes the factual allegations noted and referenced in Defendants' Motion are material and relevant to this matter. Additionally, the issues presently stand uncontested in the Plaintiff's view.

4. Regarding the testimony of Carolyn Egan ("Egan"), General Counsel for FSU, the undersigned believes Egan will testify truthfully regarding statements she made in November 2016. However, after the parties conferred, there is no confirmation one way or another on what Egan's ultimate testimony will be.

5. Therefore, with respect to Egan, the undersigned believes the possibility exists that the undersigned will need to withdraw as counsel at some time in the future and become a witness regarding a contested issue on behalf of the Plaintiff.

6. Regarding the testimony of Jason Newlin ("Newlin"), investigator for the State Attorney's Office, the undersigned believes Newlin will testify truthfully about Newlin's actions from August 2016 through November 2016. The undersigned was a very limited first-hand witness to Newlin's material and relevant conduct. Furthermore, the parties have conferred and know generally what Newlin's testimony will be.

7. Therefore, with respect to Newlin, the undersigned does not believe a reasonable possibility exists that the undersigned will need to withdraw as counsel at some time in the future and become a witness regarding a contested issue on behalf of the Plaintiff.

8. Regarding the affirmative defense that the undersigned caused the spoliation of evidence is a witness thereto, the undersigned believes the uncontested documents in the case -- including notices, emails, and copies of pleadings -- speak for themselves and show that Defendants were given plenty of notice that the Plaintiff was contemplating litigation and moving to mitigate his damages by petitioning the Circuit Court for expunction of his criminal records prior to the Circuit Court's October 9, 2017, order.

9. Therefore, with respect to Defendants' spoliation defense, the undersigned does not believe a reasonable possibility exists that the undersigned will need to withdraw as counsel at some time in the future and become a witness regarding a contested issue on behalf of the Plaintiff.

10. After considering all of the issues raised by the Defendants' Motion, there is currently only a possibility that the undersigned may be obligated to withdraw in the future. However, in an abundance of caution and with the best interests of the Plaintiff's case in mind, the undersigned will withdraw as counsel-of-record at this time.

11. If the undersigned continues to conduct discovery in the instant matter only to have to withdraw later, that could prejudice the Plaintiff's case, since new counsel would not have the maximum amount of time available to conduct discovery and work on the Plaintiff's claims. The undersigned has arranged for new counsel to take over.

12. The Plaintiff gives his consent for substitution in the Notice of Substitution of Counsel below.

## NOTICE OF SUBSTITUTION OF COUNSEL

NOTICE IS HEREBY GIVEN THAT, subject to approval by the court, JOHN DOE substitutes **Marie A. Mattox** and **Adam J. Ellis** of the Law Offices of Marie A. Mattox, P.A., State Bar Nos. 739685 and 35628, respectively, as counsel-of-record in place of **Michael L. MacNamara** of The MacNamara Law Firm, P.A.

Contact information for new counsel is as follows:

| | |
|---|---|
| Firm Name: | Law Offices of Marie A. Mattox, P.A. |
| Address: | 310 East Bradford Road, Tallahassee, Florida 32303 |
| Telephone: | 850-383-4800 |
| Email: | marie@mattoxlaw.com; adam@mattoxlaw.com |

I consent to the above substitution.

_____        3/22/18
Ryan O. Corrick (John Doe)              Date
Plaintiff


I consent to being substituted.

_____        3·22·18
Michael L. MacNamara                    Date
Former Attorney for Plaintiff


I consent to the above substitution.

_____        3/22/18
Marie A. Mattox                         Date
Adam J. Ellis
New Attorneys for Plaintiff

5

## MOTION TO AMEND SCHEDULING ORDER

13. The Scheduling Order sets May 15, 2018, as the discovery deadline. It sets June 5, 2018, as the dispositive motion deadline. It sets June 26, 2018, as the mediation report deadline. It sets the jury trial on October 22, 2018.

14. The undersigned, Defendants' counsel, and new counsel for the Plaintiff have conferred regarding the schedule. All parties agree to and request a 30-day extension of the discovery deadline, dispositive motion deadline, and mediation report deadline. New counsel for the Plaintiff has limited availability during the current discovery window, and a 30-day extension would make scheduling easier on the parties. The parties are not requesting an extension of the trial date.

WHEREFORE, the Plaintiff respectfully requests that the Court take notice and allow the substitution of new counsel for former counsel and amend the Scheduling Order to extend the deadlines as requested.

Respectfully submitted,

/s/ Michael L. MacNamara
Michael L. MacNamara
FBN: 0093603
The MacNamara Law Firm, P.A.
P.O. Box 883
Tallahassee, Florida 32302
Phone: 850.284.4944
Email: macnamara.law@gmail.com
Attorney for the Plaintiff

## CERTIFICATE OF WORD COUNT

I HEREBY CERTIFY, pursuant to Local Rules 5.1 and 7.1, that this filing, contains 1,237 words, per the word count of the word-processing system, and is typed in Times New Roman font, size 14.

/s/ Michael L. MacNamara
Michael L. MacNamara

## CERTIFICATE OF ATTORNEY CONFERENCE

I HEREBY CERTIFY, pursuant to Local Rule 7.1(C), as the moving party, that the attorney-conference requirement of Local Rule 7.1(B) was met. As a result, the Defendants gave the Plaintiff written consent to the above-noticed substitution and the above-requested amendments to the Scheduling Order.

/s/ Michael L. MacNamara
Michael L. MacNamara

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to all attorneys-of-record automatically upon filing and via electronic transmission to new counsel for the Plaintiff on this 22nd day of March, 2018.

/s/ Michael L. MacNamara
Michael L. MacNamara
